UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF ROOFERS LOCAL 149 SECURITY BENEFIT
TRUST FUND; ROOFERS LOCAL 149 PENSION FUND,
ROOFERS LOCAL 149 VACATION-HOLIDAY FUND;
and ROOFERS LOCAL 149 APPRENTICESHIP FUND,

  Plaintiffs,          Case No. 20-
                  Hon.

v

T.F. BECK COMPANY, a Michigan corporation,
and DANIEL E. CASEY, Individually,

  Defendants.
_____/

*AsherKelly, PLLC*
DAVID J. SELWOCKI (P51375)
MATTHEW I. HENZI (P57334)
MELISSA M. KELM (P81739)
Attorneys for Plaintiffs
25800 Northwestern Hwy., Suite 1100
Southfield, MI 48075
(248) 746-2759
dselwocki@asherkellylaw.com
jmcclune@asherkellylaw.com
mkelm@asherkellylaw.com
_____/

## **COMPLAINT**

  ***NOW COME*** the above-named Plaintiffs, by and through their attorneys, ASHERKELLY, PLLC, and for their Complaint against Defendants, T.F. BECK COMPANY and DANIEL E. CASEY, individually, state as follows:

1. Plaintiffs are the Trustees of the ROOFERS LOCAL 149 SECURITY BENEFIT TRUST FUND; ROOFERS LOCAL 149 PENSION FUND; ROOFERS LOCAL 149 VACATION-HOLIDAY FUND; and ROOFERS LOCAL 149 APPRENTICESHIP FUND (hereinafter referred to as "FUNDS"), which are Trust Funds established under and administered pursuant to Section 302 of the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 USC §186; and the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), 29 USC §1001 et seq., with administrative offices in Oakland County, Michigan.

2. Defendant T.F. BECK COMPANY is a Michigan corporation with its principal offices in the State of Michigan (hereinafter "T.F. BECK").

3. Defendant, DANIEL E. CASEY (hereinafter "Individual Defendant") is the individual who is the principal owner and officer of T.F. BECK. The Individual Defendant is responsible for running the day-to-day operations of T.F. BECK and is responsible for all its decisions pertaining to the payment of contributions to the FUNDS, including decisions whether to pay contributions.

4. The Individual Defendant is an employer or agent of an employer engaged in commerce and in an industry or activity affecting commerce as defined in §501(1) and (3) of the LMRA, 29 USC §142(1) and (3), and within the meaning of §301(A) of the LMRA, 29 USC §185(A), or the agents acting in the interest of

2

such an employer as defined in §501(3) of the LMRA, 29 USC §142(3). The Individual Defendant is the employer within the meaning of §3(5) of ERISA, 29 USC §1002(5), and are thus obligated to make contributions to a multi-employer Plan within the meaning of 29 USC §1145.

5.  The Plaintiffs administer the FUNDS pursuant to the terms and provisions of their respective Agreements and Declarations of Trust. The FUNDS have been established pursuant to a Collective Bargaining Agreement heretofore entered into between Local Union No. 324, and 324-A Union of Operating Engineers, AFL-CIO (hereinafter referred to as "Union") and certain Employers and Employer Associations, whose members employ members of the Union, and are required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

6.  The Plan Documents, Agreements and Declarations of Trust establishing Plaintiff Funds are made a part of the Collective Bargaining Agreement by reference and the Company agrees to be bound by and comply with the Plan Documents, Trust Agreements, and Amendments thereto, all related agreements, rules, regulations, policies, reporting forms and other requirements lawfully established by the Trustees of said Funds not in conflict with the terms of the Collective Bargaining Agreement.

7. At all times relevant hereto, Defendant T.F. BECK was bound to a Collective Bargaining Agreement with the Union.

8. The FUNDS are third-party beneficiaries of the Collective Bargaining Agreement.

9. Pursuant to the terms and provisions of the Collective Bargaining Agreements between T.F. BECK and the Union, T.F. BECK agreed to pay, in addition to wages, employee fringe benefit contributions to the FUNDS for each employee employed by T.F. BECK and covered by the Agreement.

10. That pursuant to the provisions of the Collective Bargaining Agreement and the Trust and Plan documents for the FUNDS, contributions become vested plan assets on the date on which they are due.

11. That pursuant to the Collective Bargaining Agreements and the Trust and Plan documents, Defendant T.F. BECK is required to make fringe benefit contribution payments to be remitted in such manner and time as designated within the Collective Bargaining Agreements.

12. That pursuant to the Collective Bargaining Agreement and the Trust and Plan documents, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages, costs of collection and attorney fees.

13. That delinquent payments of contributions are the misuse of Plan assets when the assets of T.F. BECK are used for purposes other than the payment of the due and owing contributions.

14. That, pursuant to the Collective Bargaining Agreement and in accordance with the Agreement and Declaration of Trust for each of the FUNDS, the Trustees acting thereunder are authorized and empowered to examine and copy the payroll records and necessary books and records of a signatory employer to permit such Trustees to determine whether such an employer is making full payments as required under the Collective Bargaining Agreement.

15. That Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and §1145.

16. This Court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between the labor organization and an employer. Jurisdiction and venue are also proper pursuant to 29 USC §1132(e).

## COUNT I – BREACH OF COLLECTIVE BARGAINING AGREEMENT AND 29 USC §1145

17. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 16 above as though fully set forth herein.

18. That notwithstanding their contractual obligations, T.F. BECK has failed and refused to pay its obligations, therefore violating the Collective

5

Bargaining Agreements and various provisions of ERISA, including but not limited to, 29 USC §1145.

19.  Plaintiffs are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendants are ordered to specifically perform all obligations on Defendants' part required to be performed under the Collective Bargaining Agreement and are restrained from continuing to refuse to perform as thereunder required.

**WHEREFORE**, Plaintiffs request that this Honorable Court grant the following relief:

A.  Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreement as set forth above;

B.  Enter an Order that Defendant T.F. BECK open its books and records for a complete payroll audit;

C.  Enter a Judgment in favor of Plaintiffs against Defendants T.F. BECK and DANIEL E. CASEY, individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit costs, any other collection costs, the mandates of 29 USC §1132(g)(2), and such other sums as may become due to the FUNDS during the pendency of this action;

D.  Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E.  Any such other, further, or different relief as may be just and equitable under the circumstances.

## COUNT II – BREACH OF FIDUCIARY DUTIES
## OF INDIVIDUAL DEFENDANT

20. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 19 above as though fully set forth herein.

21. The Individual Defendant is a fiduciary with respect to the various fringe benefit plans within the meaning of ERISA, 29 USC §1002(21)(A) in that he exercised discretionary authority or control respecting management or disposition of the assets of the plans.

22. That, pursuant to the provisions of the Collective Bargaining Agreement and the Trust and Plan documents for the FUNDS, benefit contributions become vested plan assets on the date on which they are due.

23. That Defendant DANIEL E. CASEY exercised authority and/or control over the management or disposition of those assets.

24. That Defendant DANIEL E. CASEY exercised his authority and control over plan assets, when he paid other expenses rather than contributions.

25. That Defendant DANIEL E. CASEY exercised the aforementioned authority and determined to use to T.F. BECK's corporate finances to pay expenses of T.F. BECK, including but not limited to the continued business operation expenses of T.F. BECK while the employee benefit contributions were not paid.

26. By engaging in the acts and omissions described, the Individual Defendant has breached his fiduciary duties regarding the FUNDS within the meaning of 29 USC §1104(a)(1)(A).

27. The Individual Defendant is personally liable based on breaching his fiduciary duties pursuant to 29 USC §1109(a).

**WHEREFORE**, Plaintiff FUNDS request that this Honorable Court grant the following relief:

A. Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreement as set forth above;

B. Enter an Order that Defendant T.F. BECK open its books and records for a complete payroll audit;

C. Enter a Judgment in favor of Plaintiffs against Defendants T.F. BECK and DANIEL E. CASEY, Individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit costs, any other collection costs, the mandates of 29 USC §1132(g)(2), and such other sums as may become due to the FUNDS during the pendency of this action;

D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E. Any such other, further, or different relief as may be just and equitable under the circumstances.

## **COUNT III – BUILDER'S TRUST FUND ACT VIOLATIONS**

28. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 27 above as though fully set forth herein.

29. The corporate Defendant was to hold fringe benefit contributions owed to the FUNDS in trust pursuant to the Michigan Builders' Trust Fund Act, MCLA §570.151-153.

30. The Individual Defendant was the party responsible for running the day-to-day activities of the corporate Defendants and making all of the decisions regarding monies to be held in trust for the FUNDS.

31. Based on the Defendants' failure to appropriately pay fringe benefit contributions to the FUNDS, the Defendants have violated the Michigan Builders' Trust Fund Act.

*WHEREFORE*, Plaintiffs request that this Honorable Court grant the following relief:

A. Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreements as set forth above;

B. Enter an Order that Defendant T.F. BECK open its books and records for a complete payroll audit;

C. Enter a Judgment in favor of Plaintiffs against Defendants T,F, BECK and DANIEL E. CASEY, Individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and other sums as may become due to the FUNDS during the pendency of this action;

D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E.    Any such other further or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

**ASHERKELLY, PLLC**

/s/David J. Selwocki
Attorney for Plaintiffs
25800 Northwestern Hwy., Suite 1100
Southfield, MI 48075
(248) 746-2759
dselwocki@asherkellylaw.com
P51375

Dated: January 17, 2020

W2385594.DOC